Case No. 11-1954

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

**CAMILLE HADDAD**

    Plaintiff-Appellant

v.

**ALEXANDER, ZELMANSKI, DANNER & FIORITTO, PLLC**

    Defendant-Appellee

---

APPEAL IN CIVIL ACTION FROM THE
UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN, CASE NO.  10-11996

## APPELLANT'S REPLY BRIEF

Daniel P. Feinberg (P38356)
30200 Telegraph Road, Suite 467
Bingham Farms, MI  48025
(248) 644-4433
dfeinberg@meisner-associates.com
Attorney for Plaintiff-Appellant

# TABLE OF AUTHORITIES

Statute

15 USC § 1692(e)……………………………………………………………….2

# TABLE OF CONTENTS

Table of Authorities……………………………………………………………..ii

Argument

    The time at which a Debt Collector commences its improper debt collection activities is irrelevant to the determination of whether a violation of the FDCPA has occurred……………………………………1

ARGUMENT

The time at which a Debt Collector commences its improper
debt collection activities is irrelevant to the determination
of whether a violation of the FDCPA has occurred.

Defendant-Appellee, Alexander, Zelmanski, Danner & Fioritto, PLLC (AZDF), has not asserted that it is not a "debt collector", as that term is defined under the Fair Debt Collection Practices Act (FDCPA). Nor has it contended that it did not continue to attempt to collect an unverified debt without ever obtaining and providing verification of the debt, nor that its ever changing representations of the character and amounts of the "debts" were not deceptive or misleading, nor that its threats to record, and its subsequent recording of, an invalid lien, were actions that it could legally take. Finally, AZDF does not argue that a condominium assessment is not a consumer debt. Instead, AZDF avers that due to the fortuity that Plaintiff-Appellant, Camille Haddad, now rents out his home of over fifteen (15) years, its conduct was acceptable.

Given the FDCPA disclosures that AZDF did make in its communications with Mr. Haddad, it is apparent that AZDF believed that is was attempting to collect a consumer debt. Nevertheless, AZDF takes the position that simply because it initiated its collection activity at a time when Mr. Haddad was no longer utilizing his home of over fifteen (15) years as his residence, he is no longer entitled to protection against debt collection abuses and that AZDF may engage in

1

abusive debt collection practices, gaining a competitive advantage over those debt collectors who refrain from using abusive debt collection practices.

Such a position is, of course, in stark contrast to the explicit declaration of purpose Congress made in passing the FDCPA, set forth in 15 USC § 1692(e).

> (e) Purposes
> It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

To effectuate this purpose, the focus cannot be placed on the time when the debt collector began its abusive practices, but upon the nature of the debt.

AZDF simply never bothered to verify the accuracy of a debt that was incurred prior to 2006, at a time when Mr. Haddad was still living in the unit. There is no dispute that the condominium assessments that may have come due at that time, and prior thereto, were primarily for the benefit of his household. The fact that later assessments may or may not have been primarily for personal, family and household purposes is irrelevant to AZDF's conduct with respect to the particular debt it was seeking to collect, regardless of when it began its collection activity. There is not, and never has been, any question that Mr. Haddad paid the assessments incurred after he moved out of the unit.

Seemingly recognizing the flaw in this argument, AZDF advances a new argument on appeal. Now, AZDF asserts that since payments are to be applied

2

against the oldest delinquency first, the disputed, unverified debt from 2006 was "paid", and the newer assessments, incurred after Mr. Haddad moved, comprise the debt AZDF sought to collect. This argument is contradicted by the ledger, which shows the recurring balance of $50.00, and the statement of AZDF, itself, that the alleged balance stems from "several months' worth of late charges imposed on your account as a result of the continuing unpaid balance." (Record Entry No. 11, Exhibit E to Plaintiff's Motion for Summary Judgment).

Moreover, it neglects to consider the fact that Mr. Haddad's account was eventually corrected to show a $0.00 balance and the lien was discharged without any payment toward the alleged debt ever having been made. Consequently, since the purported debt that arose in 2006 never actually existed, by the AZDF's own admission in discharging the lien, the subsequent payments could not have been applied against it. The erroneous debt, which AZDF sought to collect utilizing unfair practices, came from 2006, or prior thereto, and no other time.

To allow AZDF to escape liability under these circumstances would not be consistent with the purposes of the FDCPA.

DATED:  November 14, 2011

Respectfully submitted,

Meisner & Associates, P.C.

By:  /s/Daniel P. Feinberg
     Daniel P. Feinberg (P38356)
     dfeinberg@meisner-associates.com

3